UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

THERON PRESTON WASHINGTON,

      Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION (CHICAGO) (ROBERT J. HOLLEY), TONIA REAVES, MICHEAL PLAXICO, KIRA SPRAGGINS, ELIJAH X. WASHINGTON, MARK WASHINGTON, LOUIS FARRAHKHAN, and BENNY WASHINGTON,

      Defendants.

---

Civil No. 14-1007 (JNE/JJK)

REPORT AND RECOMMENDATION

      This case is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the allegations in the

applicant's complaint merely seem "unlikely."   Denton, 504 U.S. at 33.   However, an IFP action can properly be dismissed, sua sponte, if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible."   Id., citing Neitzke, 490 U.S. at 325, 328.

It is readily apparent that Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible," and thus it is "frivolous," as that term has been defined by the Supreme Court.   For example, Plaintiff alleges that -

* in 2003, 2004, and 2005 the FBI tapped his phone "for the purpose of stealing bonds and for the indirect [sic] of a murder."

* some of the named Defendants "utilized the intergrated [sic] technology to suppress my chest area and send sound transmissions mixed with heat ray by utilizing the camera on the sky deck a computer and radio station WGCI and the transmission satilite [sic] in Houston Texas."

* the Defendants' alleged technology "can work together to cause someone a stroke while pushing communications by the sattilite [sic] disk [and] this disk pushing pressure so immensely with heat, that it can cause death."

* "The Defendants disgused [sic] plaintiffs bonds away from plaintiff by placing names that did not belong in-order to steal after bodily harm."
(Complaint, [Docket No. 1], p. 4 and attachment.)

As these allegations demonstrate, Plaintiff's claims are not just unlikely to succeed; they are frivolous, lacking any basis in law or fact.   The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily

dismissed pursuant to § 1915(e)(2)(B)(i).

### **RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated:   April 17, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 5, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.